IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KRISHNA PATEL, VIJAY PATEL, and )
ACTAX SOLUTIONS, INC., )
)
    Plaintiffs, )    NO. 3:13-cv-00701
)
v. )    JUDGE RICHARDSON
)
TERRELL D. HUGHES, JR., and TRX )
SOFTWARE DEVELOPMENT, INC., )
)
    Defendants. )

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is a Report and Recommendation (Doc. No. 75, "R&R") from

the Magistrate Judge recommending that Defendants' Motion to Dismiss Plaintiffs' Amended

Complaint (Doc. No. 66) be granted and that this case be dismissed. Plaintiffs have filed Objections

to the Magistrate Judge's R&R (Doc. No. 76, "Objections").[1] Defendants filed a Response (Doc.

No. 77).

---

[1] Paragraph one of Plaintiffs' Objections states that the Objections are brought by "Plaintiff
Gerardo Serrano" (who is not a named party to this case), and that the Objections are made in
response to a Report and Recommendation entered on July 23, 2018 (whereas the relevant R&R
here was entered on January 28, 2022). (Doc. No. 76 at ¶ 1). This paragraph also states that the
Objections are filed pursuant Local Rule 7.02(a), which does not relate to the filing of Objections
to a report and recommendation (in fact, there is no subsection (a) to LR 7.02—a rule that concerns
business entity disclosure statements). It appears to the Court that the inclusion of this language
was most likely caused by Plaintiffs copying and pasting objections filed in a different case to use
as a template in the present matter. This is very sloppy for any party (whether represented or *pro
se*). But the Court will grant Plaintiffs the leniency it customarily affords *pro se* litigants and
conclude that this paragraph was included in error and that the Objections are in fact brought by
Plaintiffs Krishna Patel, Vijay Patel, and AcTax Solutions, Inc. in response to the R&R issued on
January 28, 2022. This conclusion is particularly appropriate because the Objections are signed by
two of the Plaintiffs of record in this matter (Krishna Patel and Vijay Patel—and not by "Gerardo
Serrano") and were filed on the Court's docket by all three Plaintiffs (Krishna Patel, Vijay Patel,
and AcTax Solutions, Inc.).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiffs' Objections, Defendants' Response, and the file.

## BACKGROUND

The lengthy procedural history of this matter and the factual allegations underlying Plaintiffs' claims are sufficiently recited in the R&R and need not be repeated here in full. (Doc. No. 75 at 1–8). Plaintiffs filed an Amended Complaint on October 6, 2014 bringing claims of copyright infringement, tortious interference with contract, and intentional interference with business relationships. (Doc. No. 27). These claims arise from alleged written contracts formed between the parties regarding the updating and sale of tax preparation software created by Plaintiff AcTax Solutions, Inc. ("AcTax"). (*Id*. at ¶¶ 26–28). Specifically, the parties allegedly drafted an agreement for updating and maintaining the tax preparation software ("Software Maintenance Agreement") and a separate agreement for Defendant TRX Software Development, Inc. ("TRX") to purchase certain tax preparation assets owned by AcTax ("Asset Purchase Agreement"). (*Id*. at ¶ 30). Allegedly, while TRX made some payments to AcTax pursuant to the Software Maintenance Agreement, the parties never fully executed the Asset Purchase Agreement. (*Id*. at ¶¶ 34–38).

According to Plaintiffs, TRX eventually stopped making payments to AcTax. (*Id*. at ¶ 44). Allegedly, TRX nonetheless sold licenses to, access to, and copies of a re-branded version of the AcTax tax preparation software throughout 2011 and 2012. (*Id*. at ¶ 45). Plaintiffs allege that Defendants stole the source code for AcTax's tax preparation software and sold copies of it to U.S. tax return preparers, companies, and accountants via TRX's website. (*Id*. at ¶¶ 52–56).

This (above-captioned) federal case was administratively closed by the Court on December 16, 2014 due to pending bankruptcy actions for Defendants. (Doc. No. 37). But in so doing, the

Court noted that the action would be reopened "[u]pon application and notification to the Court that the parties are ready to resume proceedings in this Court[.]" (*Id.*). And in an order dated January 26, 2016 denying Plaintiffs' counsel's motion to withdraw, the Court noted that the December 16 order "provided that upon application and notification to the Court that the parties are ready to resume proceedings in this Court, the action will be reopened," but that the action remained closed because "no party has moved [for it to] be reopened." (Doc. No. 40).

Pursuant to Plaintiffs' motion filed on January 15, 2021 (Doc. No. 44), the case was subsequently re-opened on February 2, 2021. (Doc. No. 48). During the roughly six-year period during which this case was administratively closed, Plaintiffs filed a separate lawsuit in federal court in Georgia arising out of the same subject matter as the present case; the Georgia federal court dismissed Plaintiffs' claims in May 2020 and again (after Plaintiffs filed a second amended complaint) in October 2020. (Doc. No. 67-30). Following these dismissals, Plaintiffs filed two motions to alter or amend the judgment; the Georgia federal court denied both motions in an order entered on January 6, 2021. (Doc. No. 67-31). Plaintiffs then filed a motion for reconsideration of the Georgia federal court's order denying the motions to alter or amend the judgment. (Doc. No. 67-32). The Georgia federal court denied the motion for reconsideration on January 26, 2021, describing Plaintiffs' motions following the dismissal of their claims as "dangerously close to vexatious and abusive litigation." (*Id.* at 3). During this period, Defendants' bankruptcy actions proceeded. Plaintiffs remained involved in these bankruptcy actions, including by filing multiple complaints that were dismissed and a motion to alter or amend the judgment of dismissal as to one of those complaints. (Doc. Nos. 67-33, 67-34).

# STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[2] Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

---

[2] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a). Plaintiffs' Objections do not comport with these requirements, but because the Court views the filings of *pro se* litigants with more leniency than it does the filings of represented litigants, the Court will not reject Plaintiffs' Objections out of hand. However, the Court will note that because the Objections are not supported by affidavits and contain only limited citations to the record, the Court can give the Objections only limited weight.

presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

## DISCUSSION

Plaintiffs raise several objections to the R&R. The Court will review each objection in turn.

1. Active involvement in bankruptcy proceedings

Plaintiffs object that "contrary to the report Plaintiffs were NOT 'actively involved in each of Defendant's bankruptcy proceedings as creditors' (Doc 75 at Page 11) due to the lack of legal counsel. Plaintiffs were NOT aware of the progress and resolution of Defendants' bankruptcy actions and did NOT receive any electronic notice. The notices were most likely sent to Plaintiffs' previous counsel and never forwarded to Plaintiffs.'" (Doc. No. 76 at ¶ 33).

First, the Court notes that Plaintiffs did not file any affidavits or documentary evidence in support of their dubious factual assertion that they were not involved in the bankruptcy proceedings. In contrast, Defendants provide citations to the bankruptcy proceedings and attach to the Motion to Dismiss a copy of the two complaints filed by Plaintiffs in the bankruptcy proceedings against Defendant TRX (and others) (Doc. No. 67-33 and 67-35).While it is true that Plaintiffs participated *pro se* in the bankruptcy proceedings, that does not mean that Plaintiffs were not "actively involved." To the contrary, the record demonstrates that Plaintiffs appeared as creditors and made filings in the proceedings, including by (in addition to filing the aforementioned

complaints) filing a motion to reopen the TRX bankruptcy case (thus indicating that they were aware the case had closed), which was denied. (Doc. No. 67-36). Thus, the Court finds that Plaintiffs were "actively involved in each of Defendant's bankruptcy proceedings as creditors" and Plaintiffs' objection to this factual finding is therefore overruled.

2. <u>Objections to recommended dismissal for failure to prosecute under FRCP 41(b)</u>

Plaintiffs object to the R&R's recommendation that this case be dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiffs' failure to prosecute. Plaintiffs specifically object to the R&R's finding that the four factors set out in *Schafer v. City of Defiance Police Dept.*, 529 F. 3d 731 (6th Cir. 2008) for evaluating whether dismissal for failure to prosecute is appropriate weighs in favor of dismissal in this matter.[3]

**a.  Factor one: willfulness, bad faith, or fault**

Plaintiffs first object to the finding that Plaintiffs acted with "willfulness, bad faith, or fault." (Doc. No. 76 at ¶¶ 29–32). Plaintiffs state that "the only reason Plaintiff [waited] over six years to resume the prosecution of this action is because Plaintiffs were not aware they could do such due to lack of legal counsel until January 2, 2021 when Plaintiffs were trying to hire to hire [sic] an attorney and the attorney asked Plaintiffs why they did not reopen the case in the Middle District of Tennessee instead of pursuing claims everywhere else." (*Id*. at ¶ 32).

The R&R concludes that Plaintiffs' failure to pursue their claims was willful and deliberate because "[d]espite the Court's clear and direct orders that it was incumbent upon the Parties to reopen the case if they wished for it to proceed, Plaintiffs chose not to do so. Instead, they chose to litigate this action in other courts and only after failing to obtain relief in those courts did they

_____

[3] The Court notes that the R&R does not specifically analyze each of these four factors individually. Instead, the R&R generally states that "the factors weigh heavily in favor of dismissing this case for failure to prosecute." (Doc. No. 75 at 13).

return to this one." (Doc. No. 75 at 13). Ample record evidence supports the proposition that Plaintiffs were represented by counsel when the Court administratively closed this case with the express provision that it could be opened by a party "[u]pon application and notification to the Court," and that Plaintiffs continued to be represented by counsel until at least May 5, 2015, when a motion to withdraw as attorney was filed. (Doc. Nos. 37, 39). On January 26, 2016, the Court made quite clear that the parties needed to apply to re-open the case if they wished for it to proceed, thus again putting Plaintiffs on notice of their ability to pursue their claims in this forum if they wished to. (Doc. No. 40). And yet the record shows that (as discussed above) Plaintiffs intentionally pursued their claims in other courts for the next roughly five years after receiving this notice. The Court thus concludes that, based on these facts, Plaintiffs willfully and deliberately chose not to prosecute their claims in this court.

Plaintiffs also cite *Schafer*, 529 F.3d at 737 (citing *Wu*, 420 F.3d at 643) for the proposition that in order to be culpable of "willfulness, bad faith, or fault," Plaintiffs "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." Plaintiffs' conduct here demonstrates a reckless disregard for the effect of Plaintiffs' conduct on these proceedings. Because Plaintiffs failed to re-open this case, and instead pursued these claims in different courts until their claims were dismissed in such courts, the Magistrate Judge was on firm ground in concluding that Plaintiffs have not only recklessly disregarded the effect of their conduct on the proceedings in the current (above-captioned) matter, but willfully chose not to pursue their claims in this Court. This factor thus weighs in favor of dismissal, and Plaintiffs' objection is overruled.

### b. Factor two: whether the adversary was prejudiced by the failure

Plaintiffs next object to the finding that Defendants were prejudiced by the delay in prosecution of this action. (Doc. No. 76 at ¶ 34). Plaintiffs state that "[h]ere, given Defendants' own failure to participate in Court proceedings, the Defendant did not waste any time, money, and effort and did not suffer significant prejudice as a result of Plaintiff's actions. Contrary to that, Plaintiffs have wasted years attempting to litigate this matter in the United States and India, Plaintiffs constitutional rights to property have been violated by the Defendants in numerous instances, and Plaintiffs have suffered a huge loss of money due to the Defendants' actions and various litigations." (*Id*.).

The record shows that Plaintiffs waited roughly six years to re-open this matter despite indications from the Court that they were free to pursue reopening the case at any time. It is thus proper to accept as true that this years-long delay has resulted in Defendants' impaired "ability to conduct discovery and timely investigation in defense of the allegations, including locating and accessing relevant documents and witnesses with knowledge" and that the delay has resulted in costly expenses "associated with engaging in such an investigation spanning nearly a decade's worth of potential information and sources." (Doc. No. 67 at 12).[4] Thus, it is fair to say that this delay would result in Defendants' "wasted time, money and effort" as a result of Plaintiffs' failure to pursue the prosecution of this matter, thus prejudicing Defendants (as explained in *Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008)—the case cited by Plaintiffs in their

---

[4] It is probably more precise to say that this years-long delay has impaired Defendant's ability both to conduct discovery and to conduct timely investigation *to the extent that timely investigation depends on discovery*. The Court makes this observation because a party typically is able to do a fair amount of investigation on its own even without recourse to the kind of formal discovery procedures typically required for a party to obtain information from the other side that would assist the party in its investigation. But the lack of precision in this particular statement does not somehow suggest that on *de novo* review this Court should come out the other way.

opposition). Therefore, the Court finds that Defendants were prejudiced by Plaintiffs' conduct and this factor weighs in favor of dismissal. Plaintiffs' objection regarding this factor is thus overruled..[5]

### c. Factor three: whether the party was warned that its failure could lead to the sanction

Plaintiffs next object to the finding that the third factor, whether the party was warned that its failure could lead to the sanction, weighs in favor of dismissal. Plaintiffs state that "Prose [sic] Plaintiffs were never aware that failing to reopen this action and filing other cases could lead to this sanction, much the less aware reopening this case was an option." (Doc. No. 76 at 9).

The R&R does not specifically state that this factor supports dismissal or indicate any facts suggesting that this factor weighs in favor of dismissal. It does, however, make the more general statement that "the factors weigh heavily in favor of dismissing this case for failure to prosecute." (Doc. No. 75 at 13). Arguably, implicit in that statement is a finding that this third factor in particular weighs in favor of dismissal, even if the R & R does not expressly state that *each and every discrete factor* (as opposed to the factors considered as a whole) weighs heavily in favor of dismissal.

As an initial matter, as explained above, the record shows that Plaintiffs were clearly put on notice on December 16, 2014, the date this matter was administratively closed, that they were able to move to re-open the matter (and received additional notice of their ability to re-open the matter via the Court's January 26, 2015 order). (Doc. Nos. 37, 40). That being said, nothing in the

---

[5] The Court also notes that Plaintiffs' objection regarding this factor focuses largely on Plaintiffs' perceived prejudice *to themselves*. Whether Plaintiffs were prejudiced by any particular events or proceedings is not the relevant inquiry under this factor—instead, this factor asks whether the *adversary* (here, Defendants) was prejudiced by the failure to prosecute.

record indicates that the Court specifically "warned" Plaintiffs that their failure to continue pursuing this matter could result in dismissal pursuant to Rule 41(b).

However, the Court does note that a prior warning of the possibility of the sanction being imposed is not a condition precedent to involuntary dismissal under Rule 41(b). Rather, the existence or non-existence of such a warning is just one factor (and by no means necessarily the most important factor) that provides "guidance" to courts. (See *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) ("Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.")).

In sum, the Court finds that because Plaintiffs were not warned that their failure could lead to the sanction of involuntary dismissal, this factor does not weigh in favor of dismissal.

### d.   Factor four: whether less drastic sanctions were first imposed or considered

Plaintiffs also object to the finding that the fourth factor, whether less drastic sanctions were first imposed or considered, weighs in favor of dismissal. Plaintiffs state that "courts within this Circuit have noted a district court should not dismiss with prejudice in cases in which an alternative sanction would better serve the interests of justice. In this case Plaintiffs should be given a last opportunity to amend their complaint to include all the recent events and updated claims." (Doc. No. 76 at ¶ 36) (citing *Wu*, 420 F.3d at 644 (quoting *Mulbah*, 261 F.3d at 589), and *WRK Rarities, LLC v. United States*, 2014 WL 7507282 at * 3).

As with the prior factor, the R&R does not single out this factor in particular as supporting dismissal or specifically indicate any facts suggesting that this particular factor weighs in favor of dismissal, but the Court will treat the R&R *arguendo* as if it did find that this factor weighs in favor of dismissal. Treated that way *arguendo*, the R&R is off the mark because nothing in the

record indicates that less drastic sanctions were first imposed or considered. Plaintiffs' objection is thus well-taken, and the Court finds that this factor does not weigh in favor of dismissal.

### e.  Totality of factors

Despite finding that the third and fourth factors do not weigh in favor of dismissal under Rule 41(b), the Court nonetheless finds that this case should be dismissed for a failure to prosecute. As indicated above, the Sixth Circuit has held that "a case is properly dismissed by the district court where there is a clear record of delay." *Knoll*, 176 F.3d at 363 (6th Cir. 1999). The record of a lengthy years-long delay in this matter is clear. Thus, viewing all four factors together, the Court finds that dismissal of this case for failure to prosecute is appropriate.

In particular, the Court finds that dismissal *with prejudice* is appropriate. The Court so concludes because dismissal without prejudice would allow Plaintiffs to "start over"—a possibility that is entirely untenable given the age of this case and also inconsistent with why the sanction of dismissal is warranted in the first place (particularly because Plaintiffs have demonstrated a track record of making filings following dismissal of their claims that, as described by the Georgia federal court, come "dangerously close to vexatious and abusive litigation."). Thus, dismissal with prejudice is most appropriate under the circumstances.

### 3.  Objections to application of res judicata

Plaintiffs' Objections also address the concept of res judicata This is a topic that, as the R&R notes, Plaintiffs did not address in their Response to the Motion to Dismiss. (Doc. No. 75 at 11). While Defendants argued in their Motion that res judicata bars Plaintiffs' copyright infringement claim, the R&R does not make any findings specifically related to the concept of res judicata. Instead, it appears that the R&R's recommendation of dismissal is based solely on Plaintiffs' failure to prosecute. Therefore, the Court cannot consider Plaintiffs' objections to

dismissing the case on res judicata grounds, as these "objections" do not relate to any specific portions of the R&R.

## <u>CONCLUSION</u>

For the reasons discussed herein, the Court adopts the Magistrate Judge's Report and Recommendation. (Doc. No. 75). Defendants' Motion to Dismiss (Doc. No. 66) is **GRANTED**, and Plaintiffs' claims are dismissed with prejudice. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58, and the Clerk is directed to close the file.


IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE