IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISHNA PATEL, VIJAY PATEL, and ACTAX SOLUTIONS, INC., | ) ) ) |
| Plaintiffs, | ) ) NO. 3:13-cv-00701 |
| v. | ) ) JUDGE RICHARDSON |
| TERRELL D. HUGHES, JR., and TRX SOFTWARE DEVELOPMENT, INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' "Rule 59(e): Motion to Alter or Amend the Judgment" (Doc. No. 80, "Motion"). Via the Motion, Plaintiffs (proceeding *pro se*) seek to vacate the Court's Memorandum Opinion and Order (Doc. No. 78, "Opinion") whereby it adopted the Magistrate Judge's Report and Recommendation (Doc. No. 75) and dismissed Plaintiffs' claims.

## BACKGROUND

A. Factual background

The factual background of this case is set out in full in the Court's Opinion (Doc. No. 78) and the Report and Recommendation (Doc. No. 75). Plaintiffs' claims arise from alleged written contracts formed between the parties regarding the updating and sale of tax preparation software created by Plaintiff AcTax Solutions, Inc. ("AcTax"). (Doc. No. 27. at ¶¶ 26–28). Specifically, the parties allegedly drafted an agreement for updating and maintaining the tax preparation software ("Software Maintenance Agreement") and a separate agreement for Defendant TRX Software Development, Inc. ("TRX") to purchase certain tax preparation assets owned by AcTax ("Asset Purchase Agreement"). (*Id.* at ¶ 30). Allegedly, while TRX made some payments to AcTax

pursuant to the Software Maintenance Agreement, the parties never fully executed the Asset Purchase Agreement. (*Id*. at ¶¶ 34–38). According to Plaintiffs, TRX eventually stopped making payments to AcTax. (*Id*. at ¶ 44). Allegedly, TRX nonetheless sold licenses to, access to, and copies of a re-branded version of the AcTax tax preparation software throughout 2011 and 2012. (*Id*. at ¶ 45). Plaintiffs allege that Defendants stole the source code for AcTax's tax preparation software and sold copies of it to U.S. tax return preparers, companies, and accountants via TRX's website. (*Id*. at ¶¶ 52–56).

B. Procedural background

Plaintiffs filed an Amended Complaint on October 6, 2014 bringing claims of copyright infringement, tortious interference with contract, and intentional interference with business relationships. (Doc. No. 27). The matter was later administratively closed by the Court on December 16, 2014 due to pending bankruptcy actions for Defendants. (Doc. No. 37). The case was subsequently re-opened on February 2, 2021. (Doc. No. 48).

During the roughly six-year period during which this case was administratively closed, Plaintiffs filed a separate lawsuit in federal court in Georgia arising out of the same subject matter as the present case; the Georgia federal court dismissed Plaintiffs' claims in May 2020 and again (after Plaintiffs filed a second amended complaint) in October 2020. (Doc. No. 67-30). Following these dismissals, Plaintiffs filed two motions to alter or amend the judgment; the Georgia federal court denied both motions in an order entered on January 6, 2021. (Doc. No. 67-31). Plaintiffs then filed a motion for reconsideration of the Georgia federal court's order denying the motions to alter or amend the judgment. (Doc. No. 67-32). The Georgia federal court denied the motion for reconsideration on January 26, 2021, describing Plaintiffs' motions following the dismissal of their claims as "dangerously close to vexatious and abusive litigation." (Id. at 3). During this period,

Defendants' bankruptcy actions proceeded. Plaintiffs remained involved in these bankruptcy actions, including by filing multiple complaints that were dismissed and a motion to alter or amend the judgment of dismissal as to one of those complaints. (Doc. Nos. 67-33, 67-34).

Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs' Amended Complaint should be dismissed because: (1) their failure to proceed with the instant matter was willful and has prejudiced Defendants; (2) Plaintiffs failed to timely resume the instant matter following notice of the termination of the automatic stay instituted pursuant to U.S. Bankruptcy Code, 11 U. S. C. §§108(c)(2); 362(a)(1); (3) Defendant Hughes' discharge in bankruptcy prohibits the continuation of this action; and (4) Plaintiffs' copyright infringement claim is barred by the doctrine of res judicata. (Doc. Nos. 66, 67).

The Magistrate Judge issued a Report and Recommendation recommending dismissal of this action with prejudice for failure to prosecute. (Doc. No. 75, "R&R"). The Court adopted the R&R. (Doc. No. 78). In doing so, the Court overruled Plaintiffs' Objections to the Report and Recommendation (Doc. No. 76). In particular, the Court's Opinion (i) found that Plaintiffs were actively involved in the bankruptcy proceedings (thus rejecting Plaintiffs' contention that they were not),( ii) held that dismissal for failure to prosecute is appropriate here when viewing together the four factors set out in *Schafer v. City of Defiance Police Dept.*, 529 F. 3d 731 (6th Cir. 2008) , and iii) declined to consider Plaintiffs' objections on res judicata grounds, because the R&R did not address res judicata. (Doc. No. 78).

**LEGAL STANDARD**

Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to

re-argue a case. *Id.* Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear error of law; (2) newly-discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Id.*

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Cummings Inc. v. BP Prod. N. Am., Inc.*, 2009 WL 3169463, at *2 (M.D. Tenn. Sept. 30, 2009). Essentially, a showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *Id.* The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Heithcock v. Tenn. Dept. of Children's Servs.*, No. 3:14-CV-2377, 2015 WL 5970894, at * 1 (M.D. Tenn. Oct. 14, 2015). Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. American Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 20842777, at * 2 (W.D. Tenn. July 17, 2007). The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *Harris*, 2016 WL 5396701, at * 3.

## DISCUSSION

Plaintiffs have failed to satisfy any of the four possible grounds under which a Rule 59(e) motion may be granted. Instead, via the Motion, Plaintiffs voice various grievances, many of which

have nothing to do with the Opinion Plaintiffs purportedly seek to vacate. Examples of arguments raised in the Motion include a procedural due process claim (Doc. No. 80 at ¶ 78–79) and a reference to what the Court believes Plaintiffs mean as the Takings Clause (*Id*. at ¶ 89 ("This court acknowledges taking plaintiffs [sic] rights to property due to bad faith and failure to prosecute violated [sic] taking clause of IV amendment because plaintiffs [sic] rights to property has [sic] been taken without just compensation furthermore due process rights has [sic] been violated for not having fair trial by this court in dismissal of Plaintiffs [sic] complaint without trial.")). Neither of those issues were discussed in the Opinion, let alone in Plaintiffs' complaint (Doc. No. 27). In the Motion, Plaintiffs also make the following "argument" related to subject matter jurisdiction":

> This court exercise [sic] subject matter jurisdiction while bankruptcy court did not therefore bankruptcy court it [sic] didn't allow prosecution by plaintiffs now this court states plaintiffs failed to prosecute should [sic] consider plaintiffs pending claims in the bankruptcy court and take action to prosecute them because it shares same subject matter jurisdiction the district court is the court of law and equity both competent [sic] to adjudicate claims in the court of equity pending due to lack of subject matter jurisdiction to prevent manifest an [sic] injustice in the name of justice

(*Id*. at ¶ 85). Even when granting Plaintiffs the leniency it typically affords *pro se* litigants, the Court cannot construe this to state any intelligible argument related to the Order.

This list of concerns, framed as a Rule 59(e) Motion, does not state any cognizable disagreement with the Court's Order, let alone demonstrate any of the grounds for granting a motion under Rule 59(e).[1] The Court gleans from the Motion that Plaintiffs are frustrated by the

---

[1] Plaintiffs do not point to any newly-discovered evidence, demonstrate any intervening change in controlling law, or articulate any particular injustices that would result were the Court to deny the Motion. And although Plaintiffs use the phrase "clear error of law and fact" twice in the "Arguments" section of the Motion, Plaintiffs fail to use this phrase coherently such that any clear fact or law could be demonstrated based on Plaintiffs' arguments:

dismissal of their claims, but the Court will not take any action under Rule 59(e) without Plaintiffs presenting facts or law of a "strongly convincing nature" indicating that its prior ruling should be reversed. *Cummings*, 2009 WL 3169463, at *2. Thus, in sum, Plaintiffs have failed to demonstrate any of the four possible grounds under which a Rule 59(e) motion may be granted, and Plaintiffs' Motion will be denied.

## CONCLUSION

It is Plaintiffs' prerogative to disagree with this Court's Opinion. But Plaintiffs have set forth no basis for reconsideration under Rule 59(e), so they are relegated to taking their disagreement to the United States Court of Appeals for the Sixth Circuit (should they choose to do so).

For the reasons set forth above, Plaintiffs' Motion (Doc. No. 80) is **DENIED**.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

70. Fact of the matter in instant [sic] case is that when Plaintiffs filed an action this Court' [sic] previously ruling to grant stay order has facilitated fraudulent transfer and now when Plaintiffs discovered fraudulent transfer and has filed this action within the statute of limitations for fraudulent transfer. (See young's affidavit and cook county police report) This court ruling against plaintiffs for failure prosecute [sic] is a clear error of law and fact.

75. As a matter of fact, Bankruptcy prosecution is ongoing awaiting ruling from the Court of Appeal [sic] under these circumstances it is clear error of law and fact to apply standards for failure to prosecute to dishonest debtor, fraudulent transferor since inception and who falls under 10-year statute of limitations for violations of BAPCA

(Doc. No. 80 at 70, 75).